This Decision is a
Precedent of the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

BUO

Mailed:  December 5, 2013

Opposition No. 91209134

Johnson & Johnson

v.

Stryker Corporation

**Before Taylor, Mermelstein and Bergsman, Administrative Trademark Judges.**

**By the Board:**

Stryker Corporation ("applicant") filed an application to register the mark MICROFX, for use in connection with "surgical instruments."[1]  Johnson & Johnson ("opposer") has opposed applicant's registration based upon an alleged likelihood of confusion between applicant's applied-for mark and opposer's registered mark MICROFIX for use with "suture anchors."[2]

Now before the Board is applicant's motion, filed June 13, 2013, to amend its identification of goods.  By the

---

[1] Application Serial No. 85571434, filed March 16, 2012, on an intent-to-use filing basis under Trademark Act Section 1(b), 15 U.S.C. § 1051(b).

[2] Registration No. 3052207, issued January 31, 2006, from an application filed February 17, 2004.

proposed amendment, applicant seeks to change the identification of goods to:

> Surgical instruments, <u>namely osteochondral drills, drill guides, and curettes used to create microfracture holes</u>.

(for ease of reference, additions are underlined).

Applicant's motion was filed without the consent of opposer, and opposer objected to the proposed amendment.[3] Opposer asserts that "the facts here 'do not allow the Board either to exercise its discretion to enter the amendment now or to defer determination of the proposed amendment until final decision.'" Opp. Br., p.1 (*quoting Drive Trademark Holdings LP v. Inofin*, 83 USPQ2d 1433, 1436 (TTAB 2007)). Opposer states that "[i]n the absence of an *unconditional* election by Applicant to accept judgment with respect to the broader range of goods, Opposer is entitled to proceed with trial as to the goods *as published*." *Id.*, p.2 (emphasis in original). Applicant's position is not completely clear. While it says that it "has consented to entry of judgment as to its broader recitation" Reply Br., p.3, it also states that if the Board does not grant its motion, applicant should be allowed "the opportunity to try

---

[3] Applicant has obtained consent to the amendment from Microflex Corporation, which also opposed the application as published (Opposition No. 91209129). That opposition is suspended pending resolution of the motion to amend in this case, and applicant has represented that Microflex will withdraw its opposition if the amendment is entered. Motion Br., p.2.

its case as to <u>both</u> recitations," with determination of the proposed amendment deferred until final decision, citing Trademark Rule 2.133 and TBMP § 514.03 (3d ed. rev.2 2013). *Id.*, p.4 (emphasis in original).

Before we address that potential ambiguity, we first note that, inasmuch as the proposed amendment has been brought prior to trial, the proposed amendment has been timely filed, giving opposer fair notice and an opportunity to contest the motion, as opposer has done. *See Drive Trademark Holdings*, 83 USPQ2d at 1435. We also note that the amendment is limiting in nature as required by Trademark Rule 2.71(a).

Although the Board generally will defer determination of an unconsented motion to amend the identification of goods in a subject application until final decision, or until the case is decided upon motion for summary judgment, *see Drive Trademark Holdings*, 83 USPQ2d at 1435, the circumstances presented here, as we explain below, allow the Board to accept applicant's proposed amendment immediately, notwithstanding opposer's objection. *See Giant Food, Inc. v. Standard Terry Mills, Inc.*, 229 USPQ 955, 963 (TTAB 1986).

In determining whether to accept a proposed amendment to an identification that, while contested, is otherwise

acceptable, the Board looks to see whether the following circumstances are present:

1)    the proposed amendment must serve to limit the broader identification of goods or services;

2)    applicant must consent to the entry of judgment on the grounds for opposition with respect to the broader identification of goods or services present at publication;

3)    if the applicant wishes to avoid the possibility of a *res judicata* effect by the entry of judgment on the original identification, the applicant must make a *prima facie* showing that the proposed amendment serves to change the nature and character of the goods or services or restrict their channels of trade and customers so as to introduce a substantially different issue for trial; and

4)    where required to support the basis of the subject application, any specimens of record must support the goods or services as amended;[4] and applicant must then introduce evidence during its testimony period to prove use of its mark with the remaining goods or services prior to the relevant date as determined by the application's filing basis.  *See Drive Trademark Holdings*, 83 USPQ2d at 1435; *Giant Food*, 229 USPQ at 964; *Int'l Harvester Co. v. Int'l Tel. & Tel. Corp.*, 208 USPQ 940, 941 (TTAB 1980).

---

[4] This concerns whether the mark is based on use in commerce, in which case the relevant date is the filing date of the application, or in the case of an intent-to-use application which has been converted to a use-based application through an amendment to allege use, the relevant date is the filing date of the amendment to allege use.  Because the subject application was filed on an intent-to-use filing basis under Section 1(b) of the Trademark Act, and no allegation of use has been filed, this circumstance is not relevant to this case.

Because the first and third circumstances can be presented more succinctly, the Board will address those first.

The first circumstance is present because the proposed amendment permissibly narrows the identification as it was articulated at publication.

Skipping to the third circumstance, we find that too is present because applicant's proposed amendment narrows the category of users by specifying the use of its goods in osteochondral treatments. This has the effect of restricting the channels of trade and prospective customers of the goods so as to introduce a substantially different issue for trial. *See Int'l Harvester*, 208 USPQ at 941 (applicant's proposed amendment found to permissibly restrict the scope of the goods to the extent that it narrowed the category of users and, therefore, the function for which the goods may normally be used). We disagree with opposer's assertion that "[t]he proposed amended identification of goods is within the scope of the initial identification of goods; thus, their general character has not changed." Opp. Br., p.2. The standard is not that the goods themselves be changed so as to be outside the scope of the goods identified at publication. Indeed, an application may only be amended "to clarify or limit, but

5

not to broaden, the identification of goods and/or services." *See In re Swen Sonic Corp.*, 21 USPQ2d 1794, 1795 (TTAB 1991). TMEP § 1402.06 (8th ed. rev.3 2013). We cannot accept opposer's interpretation of this factor, as it would require that every unconsented amendment violate the first circumstance in an attempt to satisfy the third. We therefore find the third circumstance to be present.

Whether the second circumstance is present is the principal question before the Board, as the gravamen of opposer's contention is that applicant has only conditionally stated its willingness to accept judgment as to the broader range of goods. Applicant's statements about its willingness to accept judgment are far from clear. In its motion, applicant stated that "Applicant … notes that it is willing to consent to entry of judgment on the basis of its broader recitation, *provided that registration is granted* as to the proposed narrower recitation." Motion, p.5 (emphasis added). Footnote four of the motion further states that:

> Applicant reserves the right to accept
> registration based on the initial recitation,
> however, depending on the Board's ruling. TBMP
> § 514.03 (stating, "[i]f . . . the Board
> ultimately finds that the defendant is entitled
> to registration even without the proposed
> restriction, defendant will be allowed time to
> indicate whether it still wishes to have the
> restriction entered").

*Id*. n.4.

However, applicant's reply brief makes a seemingly inconsistent statement with regard to entry of judgment as to the broader scope of the goods, stating:

> [*f]or the avoidance of doubt*, Applicant states that it will consent to entry of judgment on the basis of its broader recitation. But, *if this motion is not granted immediately*, Applicant respectfully requests the opportunity to try its case as to both recitations in the manner permitted by 37 C.F.R. § 2.133 and TBMP § 514.03.

App. Reply Br., p.4 (emphasis added). Applicant then says this:

> … *should the Board instead permit Applicant's proposed amendment at this time* and [thereby] allow resolution of the other opposition proceeding …, *Applicant consents to entry of judgment* as to its broader recitation *immediately*.

*Id*. (emphasis added).

As we read it, applicant's statement in its initial motion papers appears to condition its acceptance of judgment on the Board's grant of registration,[5] and in footnote four of its motion faintly invokes the Board's authority under Section 18 of the Trademark Act, 15 U.S.C. § 1068, to determine whether a registration may be granted

---

[5] We assume applicant meant that the condition was the Board's grant of judgment in applicant's favor. The Board does not grant/issue registrations, and even if applicant prevails in this proceeding, it must still complete the application process by filing an acceptable statement of use.

as to a broader identification or in the alternative an identification with a proposed restriction. In contrast, applicant's reply brief conditions its acceptance of judgment as to the broader scope of goods on the Board's acceptance of its proposed amended identification. However, inasmuch as we cannot both accept applicant's reservation to be heard at trial on both its broader identification and its proposed narrowed version, and accept its immediate concession to judgment on the broader identification, we must reconcile the inconsistency.

Given applicant's statement in its reply brief that its intention was to obviate any doubt, as well as the clear expression of applicant's desire to facilitate resolution of the other opposition to the involved application, we believe that the statements made in the reply brief express applicant's position that if the specified condition precedent - that its amendment be immediately accepted – occurs, then applicant will immediately accept judgment against it on the broader range of goods. Thus, we believe that, in the unique circumstances present here, the second *Drive Trademark Holding* condition is satisfied.

Accordingly, we grant applicant's motion to amend the identification of goods in its application and accept

8

applicant's consent to judgment with respect to the broader identification of goods. Consequently, we enter judgment in favor of opposer with respect to the mark as applied to all goods encompassed by the broader description "surgical instruments," except for the goods identified by the amended identification. Applicant's proposed identification, "Surgical instruments, namely osteochondral drills, drill guides, and curettes used to create microfracture holes," is accepted and is now the operative identification of goods in the involved Application Serial No. 85571434,[6] and this case will proceed to trial on that identification.[7]

The proceeding is resumed, and discovery, disclosure and trial dates are reset as follows:

| | |
|---|---|
| Expert Disclosures Due | **3/4/2014** |
| Discovery Closes | **4/3/2014** |

---

[6] Applicant's proposed amendment will be entered and the USPTO's records will be updated in due course.

[7] To be clear, applicant will only be heard on its amended identification of goods going forward. The Board will not entertain a reservation to be heard on the broader scope of goods at trial or motion for summary judgment where applicant has explicitly consented to entry of judgment as to those goods. *Cf. Embarcadero Techs. Inc. v. RStudio Inc.*, 105 USPQ2d 1825 (TTAB 2013) (applicant's motion to amend was deferred until trial and construed as an amendment to its answer to assert an affirmative defense under Section 18, restricting its identification in order to obviate likelihood of confusion, where applicant (i) did not explicitly consent to judgment, (ii) requested that the Board alternatively consider its request to restrict its goods, and (iii) the issue was implicitly tried by the parties in their briefing).

| | |
|---|---|
| Plaintiff's Pretrial Disclosures | **5/18/2014** |
| Plaintiff's 30-day Trial Period Ends | **7/2/2014** |
| Defendant's Pretrial Disclosures | **7/17/2014** |
| Defendant's 30-day Trial Period Ends | **8/31/2014** |
| Plaintiff's Rebuttal Disclosures | **9/15/2014** |
| Plaintiff's 15-day Rebuttal Period Ends | **10/15/2014** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.l25.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.l29.